Merrimack, }
June, 1900. }

## McCONNELL *v.* CATE.

The right to impound cattle does not depend upon the extent of the damage done by them.

REPLEVIN, for four calves. Facts found by the court. The defendant impounded four calves found doing damage in his inclosure. The damage consisted in eating some apples that had fallen from the trees, and cropping and treading down grass, and did not exceed ten cents in actual value. Upon these facts a verdict for the plaintiff was found, which the defendant moved to set aside for error in the application of the law to the facts.

*Almon F. Burbank,* for the plaintiff.

*Walter D. Hardy* and *Sargent & Niles,* for the defendant.

WALLACE, J. Under the common law, one had the right of "distraining another's cattle damage feasant, that is, doing damage, or trespassing, upon his land." 3 Bl. Com. 6. A similar right is given by our statute which provides that "a person may impound any swine, neat cattle, horses, sheep, or other creatures doing damage in his inclosure." P. S., *c.* 144, *s.* 1. Both under the common law and the statute, the essential prerequisite to the right to impound is that the animals must be doing damage when taken. The finding of fact that the calves when impounded were doing damage in the defendant's inclosure is conclusive in favor of his right to impound them. Although the damages were small, yet they were actual, and therefore were sufficient to justify the defendant in impounding the animals.

The case of *Osgood v. Green,* 33 N. H. 318, relied upon by the plaintiff, is not in conflict with the views here expressed, because in that case there not only was no finding that the animal im-

pounded was doing damage when taken, but, on the contrary, there was an express finding that no damage was done.

*Judgment for the defendant.*

CHASE, J., did not sit: the others concurred.